MANN, Judge.
On July 17, 1972, Laster was tried in the Circuit Court on an indictment charging first degree murder. He was found guilty of manslaughter, and the respondent here,, then sitting as circuit judge, referred the matter for pre-sentence investigation. On that same day the Supreme Court of Florida decided Donaldson v. Sack, 1972, 265 So.2d 499, determining that henceforth jurisdiction over formerly capital offenses should be in the criminal courts of record in those counties in which they existed. Two days later Judge Stephenson is alleged to have quashed the verdict and transferred the cause sua sponte to the *388 Criminal Court of Record for Polk County, to which he was thereupon assigned by the Chief Judge of the Circuit for purposes of this case. Petitioner asserts that he is about to be subjected to a second trial for the offense of murder in the first degree. The State asserts that the trial may proceed, since the Circuit Court was without jurisdiction on July 17 to try what Furman v. Georgia, 1972, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, had made a non-capital offense.
On the record before us, we have only the parties’ assertions as to what is about to occur. The suggestion for writ of prohibition was precipitated by an order denying a motion to dismiss. This order is correct for a simple reason: the Criminal Court of Record for Polk County had jurisdiction of the case at the time of its entry, after July 24, 1972, the effective date of Donaldson v. Sack. Thus prohibition will not lie to forbid the Criminal Court of Record to proceed generally. If the record showed that that court was about to retry Laster, prohibition would lie, but it does not.
Although Donaldson v. Sack was decided on July 17, it was not immediately effective. To avoid the sort of confusion which developed in this case, the Supreme Court shortened the time for rehearing and made its ruling effective July 24, 1972, at noon, unless extended. Donaldson did become effective at noon July 24. Thus the Circuit Court had jurisdiction on July 17. Laster was properly tried there. The case was prematurely transferred to the Criminal Court of Record, and it appears that Judge Stephenson should now clear the record by transferring the cause back to the Circuit Court solely for the purpose of correcting the record in that court. This would include the entry of an order, nunc pro tunc, reinstating the proceedings in the Circuit Court up until the time Donaldson became effective, and transferring the cause to the Criminal Court of Record for the conclusion of the matter. It is obvious that Laster cannot be retried in that court because he has already been tried in a court of competent jurisdiction and found guilty of a lesser offense.
Prohibition denied.
PIERCE, C. J., and LILES, J., concur.